

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WESLEY FREEMAN SMALLWOOD, | § | No. 08-12-00215-CR |
| Appellant, | § | Appeal from the |
| v. | § | 196th District Court |
| THE STATE OF TEXAS, | § | of Hunt County, Texas |
| Appellee. | § | (TC#27738) |
| | § | |

## O R D E R

A jury convicted Appellant Wesley Freeman Smallwood of continuous sexual abuse of a young child and sentenced him to twenty-five years' confinement. Appellant subsequently appealed his conviction. This case was transferred from our sister court in Dallas.

After determining that State's Exhibit 10 designated in Reporter's Record Volume 5 is unrelated to the above-styled appeal, the Court on its own motion ordered the Official Court Reporter for the 196th District Court of Hunt County, Texas, to prepare a supplemental reporter's record with the original State's Exhibit 10 (CD or DVD CAC forensic interview with complainant). In response to our order dated March 26, 2014, on April 10, 2014, this Court received a written response from Becky Wheeler, Official Court Reporter for the 196th District Court of Hunt County, Texas. Susan Spradling, the Chief Deputy for the Hunt County District Clerk's office filed an affidavit stating that the Hunt County District's Clerk's office did not receive any exhibits from Kelly Bryant, the previous official court reporter, at the conclusion of

the underlying case and that it has never received any exhibits in the underlying case. According to the affidavit, the District Clerk's office also did not receive the Reporter's Record for filing in the underlying case. Attached to Wheeler's written correspondence, was an email thread between Kelly Bryant and Hunt County Assistant District Attorney Calvin Grogan concerning the whereabouts of State's Exhibit 10. It is Wheeler's understanding that the State can obtain a copy of State's Exhibit 10.

Pursuant to TEX.R.APP.P. 34.6(f), an appellate court may award the appellant a new trial due to loss of the reporter's record if four circumstances exist: (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit has been lost or destroyed; (3) if the lost or destroyed exhibit is necessary to the appeal's resolution; and (4) if the lost or destroyed exhibit cannot be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. The Court does not have the information necessary to determine whether these circumstances exist in this case. Accordingly, we direct the trial court to conduct a hearing in this case to determine the following:

1. whether the appellant timely requested the reporter's record;

2. whether the original State's Exhibit 10 exists, or whether it has been lost or destroyed;

3. if the exhibit has been lost or destroyed, the court shall additionally determine whether the exhibit is necessary to the appeal; and

4. whether State's Exhibit 10 can be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

2

The burden is on the Appellant to establish he timely requested the reporter's record. The hearing should be held no later than thirty days from the date of this order. The trial court shall prepare written findings of fact and conclusions of law and file them with the trial court clerk within fifteen days after the hearing. The trial court clerk shall include the findings of fact and conclusions of law in a supplemental clerk's record and file same with this Court as soon as practicable. The court reporter shall prepare and file a reporter's record of the hearing, including any exhibits admitted during the hearing, and file same with this Court no later than twenty days after the hearing.

IT IS SO ORDERED THIS 23RD DAY OF APRIL, 2014.

PER CURIAM

Before McClure, C.J., Rivera and Rodriguez, JJ.